UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC GARLAND, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 4:23-CV-00064-SEP |
| HON. MARY B. SCHROEDER, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**SUGGESTIONS IN SUPPORT OF DEFENDANTS, HON. MARY B. SCHROEDER AND HON. JOHN R. LASATER'S, MOTION TO DISMISS**

Plaintiff, Eric Garland, *pro se*, alleges *inter alia* Defendants, Hon. Mary B. Schroeder and Hon. John R. Lasater (hereinafter "Defendants"), violated his First, Fifth, and Fourteenth Amendment rights. (Doc. 1). Plaintiff's Petition fails to state a claim for which relief can be granted and overcome Defendants' immunities.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff's Petition seeks injunctive relief against Defendants in their individual and official capacity for violating his rights. (Doc. 1). Plaintiff's claims stem from a dissolution of marriage (case number 15SL-DR06612) and subsequent proceedings in St. Louis County, Missouri. Plaintiff sought modification of parental rights.

Count II of Plaintiff's Petition seeks injunctive relief against Schroeder for conspiracy to produce false records, simulate legal process, and deter his testimony. (Doc. 1 at 76). Plaintiff alleges Schroeder and others coerced Plaintiff into signing a fraudulent Settlement Conference Order, which directly and indirectly deprived Plaintiff of his rights and property without due process. (*Id.*).

Count III of Plaintiff's Petition seeks injunctive relief against Schroeder for conspiracy to produce false records, simulate legal process, and deter his testimony. (Doc. 1 at 81). Plaintiff alleges Schroeder and others threatened Plaintiff into settlement, which directly and indirectly deprived Plaintiff of his rights and property without due process. (*Id.*).

Count V of Plaintiff's Petition seeks injunctive relief against Lasater for conspiracy to use an allegedly fraudulent psychological evaluation to label Plaintiff as mentally ill. (Doc. 1 at 90). Plaintiff alleges Lasater allowed an allegedly fraudulent psychological evaluation label Plaintiff as mentally ill. (*Id.*). The evaluation allegedly used techniques which the psychologist was not trained to perform and impermissibly used hearsay, *ex parte* statements, and statements protected by freedom of speech as the basis of his diagnosis. (*Id.*).

Count V [sic] of Plaintiff's Petition seeks injunctive relief against Lasater for violation "of his parental rights in part because of Betz's prejudice against Plaintiff's religious beliefs or lack thereof." (Doc. 1 at 96). Plaintiff alleges

Lasater was "prejudice against Plaintiff's exercise of freedom of religion as a pretext for stripping him of his parental rights." (*Id.* at 98).

## II.     LEGAL STANDARD

When reviewing a motion to dismiss for failure to state a claim, the Court must liberally construe the complaint in favor of plaintiff and accept all material allegations of fact in the complaint as true. *May v. C.I.R.*, 752 F.2d 1301, 1303 (8th Cir. 1985). Plaintiffs, however, are required to allege more than labels and conclusions, and must plead facts that rise above mere suspicions of a legally cognizable right of action and state a claim for relief plausible on their face. *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the court may also consider pleadings, materials embraced by pleadings, exhibits attached to pleadings, and matters of public record in resolving a motion to dismiss. *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). Determining plausibility is a context-specific task that requires the court to draw upon its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Where the well-pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged, rather than the mere possibility of misconduct, a claim is facially plausible. *Id.* at 678.

## III.     ARGUMENT

### Immunities Bar Plaintiff's Claims

Plaintiff's claims are barred by the doctrines of judicial, qualified, and 11th Amendment immunity.

**Judicial Immunity**

Plaintiff's claims against Defendants in their official capacities, even if liberally construed, are barred by the doctrine of judicial immunity. The doctrine of judicial immunity is founded upon the notion that a judge must "…be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)(citing *Bradley v. Fisher*, 80 U.S. 335, 1871 WL 14737 (1871)). Judges are entitled to immunity, including suits brought under § 1983, in all but two narrow circumstances, 1) actions not taken in the judge's judicial capacity, and 2) when acting in their judicial capacity, the judge acted in "clear absence of all jurisdiction." *Justice Network Inc. v. Craighead Cnty*, 931 F.3d 753, 760 (8th Cir. 2019). Absolute judicial immunity is not overcome even when the judge's acts are in bad faith or malicious. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

The conduct complained of by Plaintiff involves actions from a state court dissolution of marriage and subsequent proceedings before Defendants in the Twenty-First Judicial Circuit of Missouri and Plaintiff's disagreement with the Judge's orders entered in that case. (Doc. 1 at 67). At all times relevant to the Petition, Defendants were acting within the scope of their judicial functions and duties. Defendants actions were done while acting in their normal judicial

capacity. There are insufficient allegations of fact raised by Plaintiff in the Petition to demonstrate that Defendants acted outside of their judicial authority or jurisdiction when they issued orders or rulings in case number 15SL-DR06612 and subsequent cases. Because the doctrine of judicial immunity protects the exercise of judicial functions, Defendants are entitled to absolute judicial immunity. As such, Plaintiff's Petition should be dismissed with prejudice.

### Qualified Immunity

Plaintiff's constitutional violation claims against Defendants in their individual capacities are barred by the doctrine of qualified immunity. Qualified immunity shields governmental officials performing discretionary functions from civil liability as long as their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

It is clear from Plaintiff's allegations that at all times relevant to Plaintiff's Petition, Defendants were acting within the scope of their employment and discretionary authority as Judges for the Twenty-First Judicial Circuit of Missouri. Plaintiff fails to demonstrate how any conduct on

the part of Defendants violated any of Plaintiff's clearly established constitutional rights. Plaintiff's allegations are insufficient to permit suit against Defendants in their individual capacity and therefore, dismissal of Plaintiff's Petition is proper based upon qualified immunity.

### Eleventh Amendment Immunity

All claims against Defendants in their official capacities are barred by Eleventh Amendment immunity. Under the Eleventh Amendment of the U.S. Constitution, a state is protected from being sued in federal court without the state's consent or Congressional abrogation of immunity. *Hadley v. N. Arkansas Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 claims do not override Eleventh Amendment immunity. *Id.*

Eleventh Amendment immunity extends to lawsuits against a State, and certain actions against state agents and state instrumentalities. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 903, 137 L. Ed. 2d 55 (1997). Under the Eleventh Amendment, federal courts lack subject matter jurisdiction over a claim against a state when that state has not consented to the suit. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 64-65 (1996). The case must be dismissed for lack of subject matter jurisdiction. *Id.*

Here, all claims alleged in the Petition relate to judicial actions and decisions Defendants made while presiding over Plaintiff's case. All allegations in the Petition stem from Defendants' actions as State Court Judges and are

essentially claims against the State. Since Plaintiff cannot demonstrate any waiver of the State's Eleventh Amendment immunity to bring his claims, Plaintiff's Petition should be dismissed with prejudice.

### **Plaintiff's Claims are barred by the *Rooker-Feldman* Doctrine**

Federal courts lack subject matter jurisdiction to address issues regarding final judgements in state court. "[A] United States District Court has no authority to review final judgements of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 86 (1983). "[T]he suit is so plainly not within the District Court's jurisdiction as defined by Congress. . ." *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 16 (1923).

> It affirmatively appears from the bill that the judgment was rendered in a cause wherein the circuit court had jurisdiction of both the subject-matter and the parties, that a full hearing was had therein, that the judgment was responsive to the issues, and that it was affirmed by the Supreme Court of the state on an appeal by the plaintiffs. 131 N. E. 769. If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction.

*Id.*

The United States Supreme Court has exclusive federal jurisdiction to review state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The *Rooker-Feldman* doctrine gets its name from the two cases that applied the rule finding Federal District Courts lacked jurisdiction, and it prohibits lower

federal courts from exercising appellate jurisdiction over final state judgments. *Id.*

The *Rooker-Feldman* doctrine is limited to cases where a state-court loser complains of injuries caused by a state-court judgment that was entered before a federal action was filed and the party invites the district court to review and reject that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Whether a defendant prevails when a federal plaintiff presents an independent claim denying a state court's prior legal conclusion in a case where he was a party is determined by state preclusion principles. *Id.*

*Rooker-Feldman* barred an action that challenged attorney discipline where the only practical reason to seek a declaration that the discipline was unconstitutional would be to set aside the sanction. *Mosby v. Ligon*, 418 F.3d 927, 932 (8th Cir. 2005). The district court was essentially asked to review state-court decisions when the attorney could have raised his constitutional claims before the committee or the Arkansas Supreme Court. *Id.*

Here, Plaintiff seeks Federal District Court review of a final judgement. Plaintiff participated in the state court proceedings, a judgement and motions for appeal were made, and the state courts denied rehearing. The only federal court with jurisdiction to state court judgments is the United States Supreme

Court. This Court lacks subject matter jurisdiction, therefore, must dismiss Plaintiff's Petition.

### *Younger* Abstention Doctrine Bars Plaintiff's Claims

Federal courts lack subject matter jurisdiction to address issues pending in state court. A federal court must refrain from interfering with pending state proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). The *Younger* doctrine reflects federal policy against state court intervention except "where necessary to prevent immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69, (1971). "Once the state action was underway, the federal court had to abstain in the nascent § 1983 action under *Younger* . . ." *Skokos v. Rhoades*, 440 F.3d 957, 963 (8th Cir. 2006). Although *Younger* involved a criminal proceeding, the doctrine has been extended to civil matters. *Id.* *Younger* requires federal court abstention where (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) the parties have an adequate opportunity to raise constitutional claims in the state proceeding. *Middlesex Co. Ethics Comm. v. Garden State Bar Assn.,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

Plaintiff's Petition seeks state court remedies. To the extent the claims in Plaintiff's Petition are being adjudicated in state court, Plaintiff's claims are barred by the *Younger* abstention doctrine.

**Plaintiff Failed to State a Claim for Relief**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff failed to state a claim for relief. Fed. R. Civ. P. 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs is required to allege more than labels and conclusions, and must plead facts that rise above mere suspicions of a legally cognizable right of action and state a claim for relief plausible on their face. *Twombly*, at 555.

Here, Plaintiff has failed to rise above more than labels and conclusions and plead facts that rise above more than mere suspicions.

WHEREFORE, Defendants, Hon. Mary B. Schroeder and Hon. John R. Lasater, for the aforementioned reasons, respectfully request this Court dismiss Plaintiff's Petition against them with prejudice and any such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        **ANDREW BAILEY**
        Attorney General

        */s/Ryan M. Murray*
        Assistant Attorney General
        Missouri Bar No. 71395
        815 Olive Street, Suite 200
        St. Louis, MO 63101
        Telephone: (314) 340-7803
        Fax: (314) 340-7029
        E-Mail: ryan.murray@ago.mo.gov
        *Attorney for Defendants Hon. Mary B. Schroeder and Hon. John R. Lasater*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16 day of March, 2023, a copy of the foregoing was filed through the Court's PACER system, which sent an electronic copy to all parties of record.

        */s/Ryan M. Murray*
        Assistant Attorney General