UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC GARLAND, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.    4:23-CV-00064-SEP |
| | ) | |
| v. | ) | |
| | ) | |
| HON. MARY B. SCHROEDER, et al | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DAVID BETZ'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

Comes Now Defendant, David Betz, ("Betz") pro-se and for his Memorandum of Support for his Motion to Dismiss pursuant to FRCP 12(b)(1) and 12(b)(6), states as follows:

## BACKGROUND

Plaintiff's reason for bringing this suit is his dissatisfaction with the outcome of a family law child custody matter which was tried in St. Louis County Circuit Court in Cause No. 15SL-DR006612-02 and for which Plaintiff unsuccessfully sought relief in the Missouri State Court appellate process in Cause No. ED110463.

Defendant Betz was appointed by the St. Louis County Circuit Court as guardian ad litem for the Plaintiff's minor children on or about June 14, 2019 in connection with a [1]Motion to Modify and [2]Verified Application for Temporary Restraining Order and or Preliminary Injunction in

---

[1] Exhibit A, June 11, 2019 Respondent's Motion to Modify
[2] Exhibit B, June 12, 2019 Verified Application for Temporary Restraining Order and or Preliminary Injunction in Accordance with Missouri Rules of Civil Procedure Rule 92.

Accordance with Missouri Rules of Civil Procedure Rule 92 filed by Plaintiff's ex-wife, Dr. Katherine Garland.

The Court in St. Louis County entered a modification judgment on December 21, 2021, with the instant matter having been filed two years later on January 19, 2023.

## ARGUMENT

### I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO "THE DOMESTIC RELATIONS EXCEPTION"

"The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. This Court has recently affirmed this exception.  In *Truax v. Frawley, et al.*, 4:20-CV-391-SEP[3]. In the case at bar, Plaintiff is asking this Court to determine that Defendant Betz committed wrongdoing in connection with state child custody proceedings.

### II.    THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman doctrine prevents plaintiffs who have lost in state court proceedings from claiming that the state court judgment violates their rights and then re-litigating the same issues in a federal district court. See *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923). The Rooker-Feldman doctrine is frequently applied to bar federal-court challenges to state-court divorce and custody proceedings. See *Ballinger v. Culotta,* 322 F.3d 546, 549 (8th Cir. 2003); *Christ's Household of Faith v. Ramsey Cty*., 618 F. Supp. 2d 1040, (D. Minn. 2009). Dissatisfied

---

[3] A copy of this Court's Memorandum and Judgment in *Traux* is attached as Exhibit C.

with his results, and having exhausted his remedies in state court, Plaintiff seeks to relitigate here. In his ad damnum clauses of Counts 5 and 6, Plaintiff specifically prays for injunctive relief enjoining "stripping of parental rights from citizens on the basis of their exercise of constitutionally protected right to freedom of speech." (Doc 1, p.32 and 34 Ad damnum clause) in an attempt to re-litigate his custody matter.  Plaintiff's complaint fails for lack of subject matter jurisdiction and should be dismissed.

### III.    DEFENDANT BETZ AS A COURT APPOINTED GUARDIAN AD LITEM HAS ABSOLUTE IMMUNITY

Guardians ad litem are entitled to absolute immunity. See *Dornheim v. Sholes,* 430 F.3d 919, 925 (8th Cir. 2005) (citing *McCuen v. Polk Cty.*, Iowa, 893 F.2d 172, 174 (8th Cir. 1990) (holding that a guardian ad litem's absolute immunity extends to duties of preparing reports and making recommendations to family court)).  Here, Defendant Betz, at the courts direction, was appointed Guardian ad Litem for Plaintiff's minor children and his actions were taken in that role only.  Accordingly, Defendant Betz is entitled to absolute immunity.

### IV.    DEFENDANT BETZ AS A COURT APPOINTED GUARDIAN AD LITEM IS ENTITLED TO QUASI-JUDICIAL IMMUNITY

The Eighth Circuit has extended absolute judicial immunity through the doctrine of quasi-judicial immunity. Quasi-judicial immunity provides that individuals whose "duties . . . are 'integral parts of the judicial process,' are completely immune from civil rights suits "as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." *Dornheim v. Sholes,* 430 F.3d 919, 925 (8th Cir. 2005) (citing *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)) Guardians ad litem too are entitled to the defense called quasi-judicial immunity, a term used when it is applied to someone other than a judge. See *Cok v. Cosentino,* 876 F.2d 1, 3 (1st Cir.1989) (guardian ad litem has "absolute quasi-judicial immunity for those activities

integrally related to the judicial process"); *Gardner ex rel. Gardner v. Parson,* 874 F.2d 131, 146 (3d Cir.1989) ("We would agree that a guardian [ad litem] should be absolutely immune when acting as an integral part of the judicial process."; *Fleming v. Asbill,* 42 F.3d 886, 889 (4th Cir.1994) (guardians ad litem in custody cases are entitled to quasi-judicial immunity from § 1983 liability); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984) ("A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings."); *Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir.2009) ("Guardians ad litem ... are absolutely immune from liability for damages when they act at the court's direction."); *Wideman v. Colorado, 409 Fed.Appx*. 184, 186 (10th Cir.2010) (affirming grant of absolute quasi-judicial immunity to a guardian ad litem).  Moreover, there are sound policy reasons to afford immunity to guardian ad litems in custody cases: A guardian ad litem must ... be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings. *Kurzawa v. Mueller,* 732 F.2d 1456, 1458 (6th Cir.1984).

Most recently, in *Arseneau v. Pudlowski*, et al., 4:21-cv-01067-SEP[4], the plaintiff sought relief on a variety of grounds, among them, under § 1983 relating to claimed issues in the underlying family court. *Arseneau* sued the guardians ad litem claiming deprivation of constitutional rights in a custody matter. On September 29, 2022, this Court stated:

> The Eighth Circuit has recognized that both guardians ad litem and court-appointed medical professionals are entitled to quasi-judicial immunity for actions taken pursuant to their judicial appointments. *See Dornheim*, 430 F.3d at 925. In *Dornheim,* the Eighth Circuit affirmed dismissal of a § 1983 lawsuit against a guardian ad litem and court-appointed medical experts because they had "absolute immunity" and the plaintiffs failed to establish that they acted outside the scope of their "role within the judicial process." *Id.*; *see also Myers,* 810 F.2d at 1467

[4] A copy of this Court's Memorandum and Judgment in *Arseneau* is attached as Exhibit D.

(guardians ad litem, attorneys, and therapists appointed to fulfill quasi-judicial responsibilities under court direction were entitled to quasi-judicial immunity); *McCuen v. Polk Cnty., Iowa*, 893 F.2d 172, 174 (8th Cir. 1990) (guardian ad litem's actions of preparing and signing a motion for stay of proceedings was entitled to absolute immunity); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (court-appointed psychologist tasked with administering a psychological evaluation and giving testimony was entitled to quasi-judicial immunity); Moses v. Parwatikar, 813 F.2d 891, 892 (8th Cir. 1987) (psychiatrist appointed to perform competency exam was entitled to quasi-judicial immunity); *Brown v. Delmuro,* 1998 WL 547864, at *1 (8th Cir. Aug. 28, 1998) (unpublished) (a claim for damages against guardian ad litem was barred by quasi-judicial immunity). *Id*.

Missouri Courts too extended quasi-judicial immunity to Guardians ad Litem, *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376 (Mo.App. E.D. 1993) Defendant Betz is entitled to quasi-judicial immunity under Missouri law. *Tolu v. Reid, et al.*, 639 S.W.3d 504, 534 (Mo. App. E.D, December 28, 2021) Here, Defendant Betz, at the court's direction, was appointed Guardian ad Litem for Plaintiff's minor children and his actions were taken in that role only.  Accordingly, Defendant Betz is entitled to quasi-judicial immunity.

## V.    AS A PRIVATE PARTY, DEFENDANT BETZ WAS NOT ACTING UNDER COLOR OF STATE LAW

To prevail in a § 1983,1985 and 1988 suit, a plaintiff must show that the defendant is a state actor. *Rayburn ex rel. Rayburn v. Hogue*,241 F.3d 1341, 1347 (11th Cir.2001). A private party is only considered a state actor in the "rare circumstances" that the private party meets one of three recognized tests: the State compulsion test, the public function test, or the nexus/joint action test.

To meet the State compulsion test, the state must have "coerced or at least significantly encouraged" the complained of action. The public function test requires that the private party was performing a public function "that was traditionally the exclusive prerogative of the State." As noted in *Rayburn*, "[T]he mere Case: 4:21-cv-01067-SEP Doc. #: 14 Filed: 10/26/21 Page: 7

of 12 PageID #: 46 8 fact that a State regulates a private party is not sufficient to make that party a State actor." *Id.* at 1348. Plaintiff's claims are factually similar to the matter of *Higdon v. Smith,* 565 Fed. Appx 791 (2014) wherein the Plaintiff brought a § 1983 action against a GAL who had been appointed to represent the best interest of the child in a custody proceeding. Plaintiff complained that the GAL had not been truthful in respect to her credentials and affiliations. The Appellate Court affirmed the decision of the district court that the GAL was not a "state actor" for purposes of the complaint as there was no allegation that the state had any involvement or coerced the GAL to allegedly misrepresent her credentials or that the state coerced the GAL to take any of the actions plaintiff complained of. The court in *Higdon* in reviewing Georgia statutes regarding appointments of GAL found that the GAL are appointed to assist the court by representing the bests interests of the child. In so noting, the court in *Higdon* determined under any test for determination that a private party is a "state actor"., i.e. the state compulsion test, the public function test or the nexus/joint action, none applied to the GAL, as a private citizen, appointed to protect the best interests of the child and having a duty to report to the court.

In much the same way, under Missouri law, guardians ad litem are appointed to assist the court in domestic relations cases by representing the best interests of the children involved. VAMS § 452.423 (3)(1). A guardian ad litem must conduct an investigation and make a recommendation to the court, but a guardian ad litem's recommendation is not a substitute for the court's independent discretion and judgment. See, *Morgan v. Morgan,* 497 S.W.3d 359 (Mo.App. E.D.2016). Plaintiff does not allege that the state coerced or "significantly encouraged" Defendant Betz in any of the actions which are alleged to have been taken by Defendant Betz. Accordingly, Defendant Betz is not a state actor under the state compulsion test. Neither is

Defendant Betz a state actor under the public function test, as recommendations regarding custody have not traditionally been within the "exclusive prerogative of the state." Rather, while the state appoints a guardian ad litem for the purposes of such recommendations, private parties, including expert witnesses, routinely make custody recommendations. Finally, Defendant Betz is not a state actor under the nexus/joint action test.  Plaintiff does not evidence that the government encouraged or sanctioned Defendant Betz's particular alleged conduct underlying Plaintiff's claim. As stated succinctly, in *Meeker v. Kercher,* 782 F.2d 153, 155 (10th Cir. 1986) guardians ad litem are not state actors for purposes of § 1983 because they give their "undivided loyalty to the minor, not the state." Defendant Betz, acting as an appointed guardian ad litem does not make him a state actor. His obligation is to protect the interest of the minor children while fulfilling a duty to provide information to the court. This does not make him a state actor which is a predicate for 1983, 1985 and 1988 civil rights liability. Count I, II and III should be dismissed with prejudice pursuant to FRCP 12(b)(6).

## VI.    PLAINTIFF'S COUNTS FAIL TO PROVIDE SUFFICIENT FACTS TO SUPPORT ANY CLAIMS OF CONSTITUTIONAL VIOLATIONS RESULTING IN DAMAGES.

Plaintiff's claims against Defendant Betz should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiffs failed to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter accepted as true, to state a claim for relief that is plausible on its face." *Somlar v. Nelnet Inc.*, 2017 WL 35703 (E.D.Mo. 2017); citing *Ashcroft*, 556 U.S. at 678. Under a Rule 12(b)(60 analysis, the reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the

facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC.*, 696 F.3d 766, 768-69 (8th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Here the Petition is devoid of supportive facts. Plaintiff claims that these Defendants violated the First, Fifth and Fourteenth Amendments to the United States Constitution (1 through 7 of Petition). There are no facts to support any claim that the actions of Defendant Betz deprived Plaintiff of due process or violated any equal protection rights. The allegations of Defendant Betz's conduct do not support any such constitutional violations. There are no facts alleged that indicate that any action of Defendant Betz actually resulted in a constitutional deprivation of Plaintiff's rights. Plaintiff has simply failed to provide any factual support and/or the required nexus between alleged misconduct and constitutionally based damages. Here we only have speculative conclusions, not well pled facts as required by law. Defendants are entitled to well pled facts to support the relief. Such facts are woefully absent in the Plaintiff's Petition. As the Supreme Court has succinctly stated. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations", and "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* citing *Bell Atlantic v. Trombley*, 550 U.S. 544 (2007). Plaintiffs Petition is insufficient as a matter of law and should be dismissed pursuant to FRCP 12(b)(6).

CONCLUSION

WHEREFORE, Defendant David Betz prays for an Order granting his Motion to Dismiss and that Plaintiff's Petition be dismissed with prejudice, together with costs and for whatever other relief this Court deems just and proper.

*/s/ David S. Betz*

DAVID S. BETZ
Defendant Pro Se
120 E. Lockwood Ave.
St. Louis, MO  63119
(314) 801-8488 (office)
(314) 801-8478 (facsimile)
david@betzlawfirm.com (e-mail)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of March, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record and/or e-mail.

Eric A. Garland
1933 Meadowtree Lane
Kirkwood, MO 63122
eric@EricGarland.co
*Plaintiff Pro Se*

Cc:
Ryan M. Murry
Missouri Attorney General
815 Olive St., Suite 200
St. Louis, MO 63101
Ryan.murray@ago.mo.gov

Portia Kayser
15400S. Outer 40, Suite 202
Chesterfield, MO
pkayser@harrisdowell.com

Brent L. Salsbury
101 S. Hanley, Ste. 1450
St. Louis, MO 63105
blsalsbury@wmlaw.com