Case: 4:21-cv-01067-SEP Doc. #: 59 Filed: 09/27/22 Page: 1 of 10 PageID #: 294

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEVON ARSENEAU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:21-cv-01067-SEP |
| v. | ) | |
| | ) | |
| ELAINE PUDLOWSKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Defendants' motions to dismiss Plaintiff's Verified Petition and Plaintiff's Motion for Leave to Amend the Verified Petition.[1] *See* Docs. [13], [15], [17], [38]. All the motions are fully briefed. For the reasons set forth below, Defendants' motions to dismiss, Docs. [13], [15], [17], are granted, and Plaintiff's Motion for Leave to Amend, Doc. [38], is denied.

### Factual Background[2]

On August 26, 2021, Plaintiff Devon Arseneau filed this lawsuit under 42 U.S.C. § 1983 against Elaine Pudlowski; Frankel, Ruben, Klein, Payne & Pudlowski, P.C. (Frankel, P.C.); James D. Reid; James D. Reid, Ph.D., LLC (Reid, LLC); Brian Dunlop; and Dunlop & McCarter (collectively, Defendants). Doc. [1] ¶ 1. Custody of Arseneau's minor child was litigated in the St. Louis County Circuit Court.[3] Arseneau and her ex-husband, the child's father, had been in "almost constant litigation" over custody since November 2013. Judgment ¶ 26, *Arseneau v. Arseneau*, No. 13SL-DR00863-04 (Mo. 21st Jud. Cir. Ct. July 1, 2020) (hereinafter "*St. Louis County Case*"). On July 1, 2020, the St. Louis County Circuit Court entered judgment, finding it in the best interest of the child that Arseneau's ex-husband receive sole legal custody while both parents shared joint physical custody. *See id.* Arseneau seeks both relief from that judgment and an award of damages due to Defendants' allegedly unconstitutional conduct. Doc. [1] ¶ 1.

[1] While Plaintiff refers to her pleading as a "Verified Petition," the Court uses the term "Complaint" in conformity with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 3.

[2] For purposes of this Motion, the Court assumes that the factual allegations in the Complaint, Doc. [1], are true. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

[3] The Court takes judicial notice of the case file in St. Louis County Circuit Court Case, No. 13SL-DR00863. *See Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986).

EXHIBIT
D

**Allegations against Pudlowski**

Defendant Pudlowski, an attorney with Frankel, P.C., was appointed by the St. Louis County Circuit Court to act as guardian ad litem for Arseneau's minor child. *Id.* ¶ 10; *see also* Appointment of Guardian ad Litem, *St. Louis County Case* (March 31, 2016). Arseneau alleges that Pudlowski "acted outside the scope of her licensure, expertise, and terms of her court appointment by misrepresenting her qualifications for [the custody matter] to the Court in that she has no training" in such fields as mental health, alcohol and drug addiction, medicine, trauma, domestic violence, sexual abuse of children, or childhood and adolescent development. Doc. [1] ¶ 14. Pudlowski also allegedly represented to the St. Louis County Circuit Court that the minor child "was not at risk," and "misrepresented to the Court the findings and conclusions set forth in a Full Child Order of Protection . . . entered by the St. Charles County Circuit Court in December 2015." *Id.* ¶¶ 14, 15. Finally, Arseneau claims that Pudlowski "questioned and attempted to retry the issues addressed on the Full Child Order of Protection." *Id.* ¶ 16.[4]

**Allegations Against Reid**

Reid was appointed by the St. Louis County Circuit Court on May 18, 2016, to conduct psychological evaluations of both Arseneau and her ex-husband and a custody evaluation of their child. *Id.* ¶ 17; *see also* Psychological and Custody Evaluation Order, *St. Louis County Case* (May 18, 2016). Arseneau alleges that "Reid's report and testimony was subject to Missouri Court Rule 60.01" and that "[Reid] was required to be a 'licensed expert' and to provide 'a detailed written report of the examiner or evaluator setting out the findings, including results of all tests made, diagnosis, and conclusions, together with like reports of all earlier examinations or evaluations of the same condition.'" *Id.* ¶ 20. Arseneau alleges that Reid's December 20, 2016, report "is subject to RS Mo. 490.065," which requires that the facts and data upon which an expert relies be "of a type reasonably relied upon by experts in the field" when forming opinions or inferences. *Id.* ¶ 21.

Arseneau claims that Reid, like Pudlowski, "acted outside the scope of his professional certification, expertise, and terms of his appointment by misrepresenting to the Court" his qualifications on matters of child abuse, domestic violence, medicine, trauma, sexual abuse, or childhood and adolescent development. Further, despite lacking the above competencies, Reid

[4] Arseneau makes no factual allegations against Frankel, P.C.; rather, she seeks to hold it liable under *respondeat superior*. Doc. [1] ¶ 12.

represented to the state court that the child was not at risk. *Id.* ¶ 22. Arseneau also alleges that Reid: "misrepresented to the [St. Louis County Circuit] Court medical records which reveal a history of mental health issues and psychotropic medications incongruent with Reid's diagnosis of [Arseneau's] former husband," *id.* ¶ 23; failed to "report, investigate, or take seriously admitted homicidal ideations toward [Arseneau] and her current husband," *id.* ¶ 24; and "diagnosed [Arseneau] with Borderline Personality Disorder without factual basis," a diagnosis which Reid allegedly recanted in subsequent testimony, *id.* ¶ 25. Reid purportedly knew that the diagnosis was false, and it was "designed to fraudulently rally the Court against her[.]" *Id.* ¶ 26.

Despite his admission to falsifying elements of his diagnosis, Arseneau alleges, those falsehoods remain "present in his reports handed out to certain professionals per the court order," and Reid has made no attempt to correct this issue. *Id.* ¶¶ 27, 28. Additionally, Reid, like Pudlowksi, "misrepresented to the St. Louis County Circuit Court the findings and conclusions set forth in a Full Order of Protection entered by the St. Charles County Circuit Court in December 2015." *Id.* ¶ 29.

Finally, Arseneau claims that "[a]s a health care provider, and without proper legal authority," Reid's disclosure of Arseneau's health conditions violated HIPAA, and that he utilized the Missouri court system to "manufacture and disseminate a false diagnosis . . . in violation of Missouri evidentiary rules and statutes regarding perjury[.]" *Id.* ¶¶ 31, 33. As a remedy for "Reid's fraudulent diagnosis and influence on the [state court]," Arseneau requests that this Court "vacate the July 1, 2020 judgment." *Id.* ¶ 30.[5]

**Allegations Against Dunlop**

Arseneau alleges that Defendant Dunlop was also appointed to serve as the minor child's guardian ad litem in the state custody matter. *Id.* ¶ 34; *see also* Appointment of Guardian ad Litem, *St. Louis County Case* (April 30, 2013). She claims that Dunlop, like Pudlowski and Reid, "acted outside the scope of his licensure, expertise, and terms of his court appointment by misrepresenting his qualifications to the Court" in that he lacked training in the aforementioned areas of expertise. *Id.* ¶ 38. Additionally, Arseneau alleges that Dunlop "intentionally blocked reporting of sexual abuse towards his client such that it would not be addressed in court proceedings"; "refused to allow his client's therapist to testify"; "failed to seek therapy for his

[5] As she does with Frankel, P.C., Arseneau seeks to hold Reid, LLC, liable only under *respondeat superior*. Doc. [1] ¶ 19.

client while the child was being molested"; "refused to engage in discussions of abuse of his client or findings regarding abuse"; "threatened [Arseneau's] attorney to settle the case and not continue with trial"; "failed to acknowledge that his client was at risk of abuse"; and "[i]n Court chambers, . . . threatened [Arseneau] with losing legal custody of [his] client if [Arseneau] continued with the trial and not settle." *Id.* ¶¶ 39-45.[6]

**Requested Relief**

Arseneau requests that this Court: (1) vacate the St. Louis County Circuit Court's July 1, 2020, judgment in its entirety; (2) strike Reid's report and testimony from St. Louis County Circuit Court records, and provide a visible amendment filed with the court; and (3) award Arseneau damages against all Defendants, who should be held jointly and severally liable in an amount not less than $100,000.00.[7] Doc. [1] at 10.

**Proposed Amendments**

In October and November 2021, Pudlowski, Dunlop, and Reid, along with their employers, filed motions to dismiss the Complaint. *See* Docs. [13], [15], [17]. The motions have been fully briefed. On December 13, 2021, Arseneau filed her Motion for Leave to Amend the Complaint, along with a copy of the proposed Amended Complaint. *See* Docs. [38], [38-1].

With respect to Pudlowski, the Amended Complaint includes additional allegations that she "overrode protective court recommended therapists' recommendations in addition to overriding the CAC interviewers report and findings." Doc. [38-1] ¶ 14. Arseneau claims that "[w]hen the exchange center stopped exchanges during a child services investigation for her clients, [Arseneau's] son, safety, Pudlowski overrode their denial to exchange and brought to court, pursued, and persuaded [Arseneau] to change exchange locations"; "[Pudlowski] did not take the professional's recommendations into consideration"; and "Pudlowski illegally and improperly used her position in the court system to threaten [Arseneau] with jail time and harass Plaintiff." *Id.* ¶¶ 14, 15.

With respect to Reid, the Amended Complaint supplements the Complaint's allegation that Reid admitted to falsifying elements of Plaintiff's diagnosis, stating that "Reid's falsification

---

[6] Again, Arseneau makes no specific factual allegations against Dunlop's employer, Dunlop & McCarter, and instead seeks to hold the entity liable under *respondeat superior*. Doc. [1] ¶ 37.

[7] The proposed Amended Complaint increases Arseneau's requested damages to $200,000.00. Doc. [38-1] at 13.

includes his erroneous testimony of [Arseneau's] mental status, [Arseneau's] son's car accident, grammatical errors on the report, errors from interview information with [Arseneau's] husband, errors disclosed in his testimony that were not correct and take [Arseneau] out of his 'DSM-5' borderline personality disorder spectrum, [Arseneau's] son's mental capabilities, and references information obtained during improper questioning and interviewing tactics of a minor that were not age appropriate." *Id.* ¶ 27. The Amended Complaint also states that "Reid used his opinion rather than accurate test data for his findings and conclusions"; "altered video footage of his interview with the children's father and [Arseneau's] son and destroyed video footage with [Arseneau] and [her] son"; and "concealed evidence such as the children's father's mental health status, black outs from alcohol consumption, frequent anger issues, paranoia, and armory of weapons." *Id.* ¶¶ 29, 32. Finally, the Amended Complaint asserts that Reid refused to comply with a subpoena by failing to produce testing data. *Id.* ¶ 33.

With respect to Dunlop, the Amended Complaint additionally alleges that he "ignored evidence of sexual abuse of [Arseneau's] son"; "threatened [Arseneau's] attorney to settle" the state proceedings by "stating 'If your client continues with this trial, I will ensure she loses all legal custody'"; "forced [Arseneau] into signing a settlement of the divorce proceedings"; and stated in response to Arseneau's desire to change the settlement that "No changes will be made. If she does not sign it as is then we will continue with the trial.'" *Id.* ¶¶ 39, 43.

The Amended Complaint alleges that "[Arseneau] has suffered because of Defendants' misdeeds," and "Defendants' indifference and callousness exhibited in court proceedings has caused pain, suffering, embarrassment and inconvenience upon [Arseneau] and [her] children." *Id.* ¶ 46. Defendants argue that the Motion for Leave to Amend should be denied, as it fails to state valid claims for relief and is therefore futile. Doc. [43].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). To overcome a motion to dismiss under Rule 12(b)(6), the complaint "does not need detailed factual allegations," but must contain "the 'grounds' of his 'entitle[ment] to relief[.]'" *Id.* (citing *Papasan*, 478 U.S. at 286). A plaintiff must provide "more than labels and conclusions" and "formulaic recitation of the

elements of a cause of action[.]" *Id.* (citing *Papasan*, 478 U.S. at 286). In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When evaluating a complaint under Rule 12(b)(6), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555)

Where a litigant does not amend as a matter of course, the litigant may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The standard for granting leave to amend under Rule 15(a)(2) is liberal, but litigants do not have an unqualified right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

## Discussion

### I. Motions to Dismiss the Complaint

Plaintiff purports to sue Pudlowski, Dunlop, Reid, and their employers under 42 U.S.C. § 1983. *See* Doc. [1] ¶ 1. "To state a claim under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010)) (internal quotation marks omitted).

Defendants advance several grounds for dismissal of Arseneau's Complaint. They assert that the Court lacks subject matter jurisdiction under the "domestic relations exception" to federal jurisdiction, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. Docs. [14] at 2-4, [16] at 10-11, [18] at 8-9. They also argue that Arseneau has failed to state any viable claim for relief because (1) she alleges no facts suggesting that any of the individual Defendants acted under color of state law for purposes of § 1983; (2) the individual Defendants are entitled to quasi-judicial immunity from § 1983; and (3) the Complaint lacks factual allegations showing how Defendants' misconduct deprived Arseneau of her constitutional rights.

Case: 4:21-cv-00667-SEP Doc. #: 59 Filed: 06/28/22 Page: 7 of 10 PageID #: 300

Docs. [14] at 5-11, [16] at 6-9, [18] at 5-7. Because the Court agrees that Pudlowski, Dunlop, and Reid are all shielded from Plaintiff's claims by quasi-judicial immunity, it does not reach Defendants' alternative grounds for relief.

**A. The Complaint fails to state a claim against Pudlowski, Dunlop, or Reid because they are protected by quasi-judicial immunity.**

Quasi-judicial immunity, also known as "absolute quasi-judicial immunity," is a species of absolute judicial immunity. *Smith v. Finch*, 324 F. Supp. 3d 1012, 1020 (E.D. Mo. 2018). Under the parent doctrine, "[a] judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam)). Absolute judicial immunity exists to "protect[] the finality of judgments, discourage[] inappropriate collateral attacks," *Smith*, 324 F. Supp. at 1020, and "protect judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing *Bradley v. Fisher*, 80 U.S. 335, 348 (1871)).

Courts have extended absolute judicial immunity through the doctrine of quasi-judicial immunity. Quasi-judicial immunity provides that individuals whose "duties . . . are 'integral parts of the judicial process,'" are completely immune from civil rights suits "as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." *Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005) (citing *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)); *see also Myers v. Morris*, 810 F.2d 1437, 1465-67 (8th Cir. 1987) ("We also agree with the district court that nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions."), *abrogated on other grounds by Burns v. Reed*, 500 U.S. 478 (1991).

The Eighth Circuit has recognized that both guardians ad litem and court-appointed medical professionals are entitled to quasi-judicial immunity for actions taken pursuant to their judicial appointments. *See Dornheim*, 430 F.3d at 925. In *Dornheim*, the Eighth Circuit affirmed dismissal of a § 1983 lawsuit against a guardian ad litem and court-appointed medical experts because they had "absolute immunity" and the plaintiffs failed to establish that they acted outside the scope of their "role within the judicial process." *Id.*; *see also Myers*, 810 F.2d at 1467 (guardians ad litem, attorneys, and therapists appointed to fulfill quasi-judicial

responsibilities under court direction were entitled to quasi-judicial immunity); *McCuen v. Polk Cnty., Iowa*, 893 F.2d 172, 174 (8th Cir. 1990) (guardian ad litem's actions of preparing and signing a motion for stay of proceedings was entitled to absolute immunity); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (court-appointed psychologist tasked with administering a psychological evaluation and giving testimony was entitled to quasi-judicial immunity); *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987) (psychiatrist appointed to perform competency exam was entitled to quasi-judicial immunity); *Brown v. Delmuro*, 1998 WL 547864, at *1 (8th Cir. Aug. 28, 1998) (unpublished) (a claim for damages against guardian ad litem was barred by quasi-judicial immunity).

Arseneau complains that Pudlowski misrepresented to the St. Louis County Circuit Court the contents of a St. Charles County Circuit Court judgment granting "a Full Order of Protection" and that she "questioned and attempted to retry" issues raised in that judgment. Doc. [31] ¶ 10 (quoting Doc. [1] ¶¶ 15, 16). Presenting evidence and taking testimony in the course of a child custody proceeding are part and parcel of a guardian's responsibilities under the Missouri Supreme Court Standards and the court order appointing Pudlowski. *See* Standards ¶ 4.0; *see also* Appointment of Guardian ad Litem, *St. Louis County Case*, at 1-2 (March 31, 2016).

As for Dunlop, Arseneau complains that he "blocked reporting of sexual abuse" toward the minor; "refused to allow his client's therapist to testify"; "failed to seek therapy for his client while the child was being molested"; "refused to engage in discussions of abuse . . . or findings regarding abuse"; "failed to acknowledge that his client was at risk of abuse"; and "threatened [Arseneau] with losing legal custody of [the minor] if [Arseneau] continued with the trial and not settle." Doc. [32] ¶ 10 (quoting Doc. [1] ¶¶ 39-45). Assuming those allegations are true, they relate to decisions squarely committed to Dunlop's "independent judgment in formulating and presenting recommendations to the Court." Appointment of Guardian ad Litem, *St. Louis County Case*, at *1 (April 30, 2013). Thus, Arseneau complains of actions that are "integral parts" of the judicial process. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 928 (8th Cir. 2020) (quoting *Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992)) (granting quasi-judicial immunity to court clerk for actions taken pursuant to discretion authorized by the judge).

Finally, Arseneau alleges that Reid "misrepresented . . . medical records which reveal a history of mental health issues" from which Arseneau's ex-husband suffers; "did not report, investigate, or take seriously admitted homicidal ideations toward [Arseneau] and her current

husband"; knowingly and falsely "diagnosed [Arseneau] with Borderline Personality Disorder without a factual basis" and later recanted; "admitted to falsifying elements of his . . . diagnosis of [Arseneau]," which were disseminated to certain professionals per court order; "misrepresented [the contents of] a Full Child Order of Protection" for the minor which was issued by the St. Charles County Circuit Court; and "improperly disclose[d] [Arseneau's] health condition" in violation of HIPAA. Doc. [33] ¶ 10 (quoting Doc. [1] ¶¶ 23-33). Reid's investigative, diagnostic, reporting, and testimonial activities fall within his court-appointed duties and so he is entitled to quasi-judicial immunity. *See Myers*, 810 F.2d at 1466-67; *Morstad*, 147 F.3d at 744; *Moses*, 813 F.2d at 892; *see also* Psychological and Custody Evaluation Order, *St. Louis County Case*, ¶¶ 2, 6, 7, 8 (May 18, 2016).[8]

**B. The Complaint fails to state a claim against Frankel, P.C., Reid, LLC, or Dunlop & Carter because there is no vicarious liability under § 1983**.

Arseneau also seeks to hold the individual Defendants' employers vicariously liable for their employees' alleged constitutional violations. Doc. [1] ¶¶ 12, 19, 37. "The doctrine of respondeat superior does not apply to § 1983 cases." *Hall v. City of St. Louis*, 465 F. Supp. 3d 937, 947 (E.D. Mo. 2020); *see also L.L. Nelson Enters., Inc. v. Cnty. of St. Louis*, 673 F.3d 799, 810 (8th Cir. 2012) (citing *Iqbal*, 556 U.S. at 676) ("Supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate."). Thus, the Complaint fails to state a claim against any of the employer Defendants.

## II. Motion for Leave to File an Amended Complaint

Having determined that the Complaint fails to state a valid claim against any of the Defendants, the Court considers whether Arseneau should be granted leave to file her proposed Amended Complaint. *See* Docs. [38], [38-1]. After reviewing the Amended Complaint, the

---

[8] Arseneau also alleges that Pudlowski, Dunlop, and Reid acted outside the scope of their appointments by misrepresenting their qualifications to the St. Louis County Circuit Court. *See* Docs. [31] ¶ 10 (quoting Doc. [1] ¶ 14); [32] ¶ 10 (quoting Doc. [1] ¶ 38); Doc. [33] ¶ 10 (quoting Doc. [1] ¶ 20). The parties do not discuss whether those claims should be subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for allegations of fraud, but the allegations lack sufficient specificity to state a claim under either Federal Rule of Civil Procedure 8(a)(2) or Federal Rule of Civil Procedure 9(b). *See Twombly*, 550 U.S. at 555 (Rule 8 "requires more than labels and conclusions"); *Petsche v. EMC Mortg. Corp.*, 830 F. Supp. 2d 663, 673-74 (D. Minn. 2011) (applying Rule 9(b) to allegations of false misrepresentations of fact to a court). In addition, Arseneau points to no facts suggesting that any actions Defendants took outside the scope of their appointments were undertaken under color of state law such that they could give rise to § 1983 liability. *See infra* note 9.

Court agrees with Defendants that Arseneau's Amended Complaint is futile because it fails to cure the defects as outlined above. *See* Doc. [43] at 2. Arseneau's additional allegations relate to actions taken by the individual Defendants in their judicially appointed roles. Doc. [38-1] ¶¶ 14-15, 27, 29, 32, 33, 39, 43, 46. Therefore, they are barred by quasi-judicial immunity as discussed above.[9] The Amended Complaint also fails to remedy the deficient respondeat superior claims against the employer Defendants. *See Young v Harrison*, 284 F.3d 863, 870 (8th Cir. 2002); *Hall*, 465 F. Supp. 3d at 947. Therefore, the proposed amendments would not prevent dismissal of any of Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss, Docs. [13], [15], [17], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint, Doc. [38], is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 29th day of September, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[9] To the extent that there is any doubt whether a particular allegation falls within the scope of a Defendant's judicial appointment, the Complaint also lacks any allegations suggesting that such Defendant acted under color of state law. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (recognizing "few limited circumstances" in which a private entity qualifies as a state actor); *Myers*, 810 F.2d 1437, 1467 (8th Cir. 1987) (where "conduct was beyond the scope of the official duties which the guardians, therapists and attorney were appointed to perform and was undertaken on their own initiative as private persons . . . we do not consider this conduct action under color of state law"); *see, e.g.*, *Bruce v. Price*, 2018 WL 10075605, at *9 (S.D. Iowa Sept. 21, 2018) (court-appointed guardian ad litem does not act under color of state law). Plaintiff therefore still fails to state a § 1983 claim.