UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC A. GARLAND, | ) |
| Plaintiff, | ) |
| v. | ) No.: 4:23CV00064-SEP |
| MARY B. SCHROEDER, et al. | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR THE ISSUANCE OF A
SUBPOENA DUCES TECUM PURSUANT TO RULE 45(D)
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Eric A. Garland, appearing *pro se*, respectfully moves this Court to enter an Order directing that a subpoena *duces tecum* be issued to the York-Poquoson County (Virginia) Sheriff's Office (hereinafter "YPSO") pursuant to Rule 45 of the Federal Rules of Civil Procedure, and that YPSO be required to provide the responsive records as requested. The grounds for this Motion, including the the subpoena to be issued, are set forth below.

*I. Legal standard for Rule 45 subpoenas*

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas in civil cases. The subpoena may command the person to whom it is directed to produce and permit inspection and copying of designated books, papers, documents, or tangible things which

constitute or contain matters within the scope of the examination permitted by Rule 26(b). *In re Digital Equipment Corp.*, 949 F.2d 228 (8th Cir. 1991). Said subpoena can be issued anywhere in the United States. Fed. R. Civ. P. 45(b)(2).

## ARGUMENT

### II. This Court can order discovery pursuant to Rule 26(d)(1)

Rule 26(d)(1) provides, in relevant part, that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order. A subpoena *duces tecum* can be served on non-parties to produce documents and tangible things. Fed. R. Civ. P. 34(c).

### III. Early discovery is permissible under Rule 26(d)

Rule 26(d)(2) provides that a subpoena *duces tecum* requested under Rule 34 may be delivered after more than 21 days after the summons and complaint are served on the parties. In the case at bar, process was served on all parties six months ago. Further, courts in the 8th Circuit have tended to only oppose discovery prior to a Rule 26(f) conference when early discovery has been sought against one of the adverse parties. See *Keithly v. Mocadlo*, No. 4:16 CV 1892 JMB (E.D. Mo. Apr. 24, 2017) and *Banc of America Investment Services Inc. v. Martin*, No. 06-0714-CV-W-FJG (W.D. Mo. Sep. 14, 2006). Here, discovery is sought from a non-party.

### IV. The discovery sought from the proposed subpoena *duces tecum* is not unduly burdensome, and a subpoena is the only way to obtain these records for all parties.

Plaintiff is seeking records from a public institution in the state of Virginia, to wit, the York-Poquoson Sheriff's Office, which began the investigation of a potential parental child

abduction on or about June 11, 2019. Plaintiff has requested records from YPSO, but pursuant to Section 2.2-3704 of the Virginia Freedom of Information Act, public records are only open to citizens of the Commonwealth of Virginia and certain media outlets. Plaintiff's request has been rejected due to his citizenship in the state of Missouri. Thus, a subpoena *duces tecum* is the only way to compel the production of records that are relevant to the case at bar.

Further, the production of said records from YPSO places no burden on any of the parties in this matter, and would be a normal duty for a public institution dedicated to public safety such as YPSO.

**V. The early discovery of records from YPSO is in the interest of justice and judicial economy.**

The records sought by Plaintiff in his proposed subpoena *duces tecum* are highly relevant to the controversies in this case. Plaintiff's claims that he was denied his certain and guaranteed Constitutional rights to due process stem from an incident in which specific allegations were made with regard to incidents involving YPSO. Plaintiff was allegedly threatened with jail if he attempted to testify about those events. Swiftly establishing the facts around those incidents could guide settlement discussions among the parties and serve the purposes of justice and judicial economy simultaneously.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that his Motion for the Issuance of a Subpoena *duces tecum* be granted and that this Court grant such other and further relief to which it finds the Plaintiff otherwise entitled.

Dated September 12, 2023                                         Respectfully submitted,

                                                                    ___/s/ Eric A. Garland_____

Eric A. Garland
1933 Meadowtree Lane,
Kirkwood, MO 63122
802-999-8118
eric@EricGarland.co
*Pro Se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of September, 2023, the foregoing was emailed to the Clerk of the Court to be filed via the Court's electronic filing system and served upon counsel of record, and/or sent via U.S. Postal Service or email to the following:

                                                                                  /s/ Eric A. Garland

                                                                                  Eric A. Garland

| | |
|---|---|
| Ryan M. Murray<br>Missouri Attorney General's Office<br>815 Olive St., Suite 200<br>St. Louis, MO 63101<br>Ryan.murray@ago.mo.gov | Mary Reitz<br>Office of the County Counselor<br>41 S. Central Ave.<br>Clayton, Missouri 63105<br>MReitz@stlouiscountymo.gov |

David S. Betz, Esq.
*Pro Se*
120 E. Lockwood Ave.
St. Louis, MO 63119
david@betzlawfirm.com

Brent L. Salisbury
Wiedner & McAuliffe, Ltd.
101 S. Hanley, Suite 1450
St. Louis, MO 63105
blsalsbury@wmlaw.com

Portia Kayser
Harris Dowell Fisher & Young L.C.
15400 S. Outer 40, Suite 202
Chesterfield, MO
pkayser@harrisdowell.com

David T. Ahlheim
Childress Ahlheim Cary
1010 Market Street, Suite 500
St. Louis, Missouri 63101
david@caclawfirm.com