**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ERIC GARLAND | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 4:23-cv-00064-SEP |
| | ) |
| HON. MARY B. SCHROEDER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are multiple motions to dismiss Plaintiff's Complaint, filed separately by Defendants in this matter. *See* Docs. [12], [15], [18], [20], [25], and [31]. For the reasons set forth below, Defendants' motions are granted.

### FACTS AND BACKGROUND[1]

This matter arises from a custody dispute between pro se Plaintiff Eric Garland and his former wife concerning their two minor children. On January 19, 2023, Plaintiff filed his Complaint against various individuals who were involved in the custody proceedings, including two judges in the Circuit Court of St. Louis County, the Honorable Mary B. Schroeder and the Honorable John R. Lasater; psychologists Dean L. Rosen and Anthony J. Castro; attorney David S. Betz, who acted as guardian ad litem for Plaintiff's children during the custody proceedings; Kirkwood police officer Anthony Stemmler; and the Clerk of Court of the Circuit Court of St. Louis County, Susan Gilmer. Doc. [1].

Plaintiff alleges that on December 21, 2021, Judge Lasater issued an Order and Judgment in which he granted Katherine sole legal custody of their children and "established a physical custody schedule whereby Plaintiff receives extremely restricted time with his children, including no Christmases or Thanksgivings for the remainder of their childhood." *Id*. ¶ 67. The Court will not recount the remaining allegations in the Complaint in detail, as the essence of the lawsuit can be boiled down to this: Plaintiff is dissatisfied with outcome of a child custody dispute in St. Louis County Circuit Court, and he now asks this Court to find that a number of events and developments in that case were illegal.

---

[1] For purposes of motions to dismiss, the Court takes the factual allegations in the Complaint to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Plaintiff alleges that Defendants violated his rights under the First, Fifth, and Fourteenth Clauses of the United States Constitution and brings claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988.  More specifically, Plaintiff alleges in Count I, brought against Stemmler, that Stemmler violated Plaintiff's right to due process by "obstructing an investigation started by two other officers," and "abett[ing] Mother's illegal acts." *Id*. ¶ 72.  In his Prayer for Relief on Count I, Plaintiff seeks compensatory damages from Stemmler.  *Id*. ¶ 73.

In Count II, brought against Stemmler, Judge Schroeder, and Betz, Plaintiff alleges that Defendants violated his due process rights by conspiring to intimidate and threaten Plaintiff in order to cause him to give up his parental rights.  *Id*. ¶ 76.  Count II's Prayer for Relief seeks compensatory and punitive damages and asks the Court to enjoin Judge Schroeder and Betz from "refusing to hold noticed hearings; from entering inaccurate records of proceedings of the court; from altering correctly entered records of proceedings of the court; from destroying or mutilating records of proceedings of the court; from threatening litigants with violence or confiscation of property to coerce signatures on documents; and from simulating legal process."  *Id*. ¶ 79.

In Count III, brought against Judge Schroeder and Betz, Plaintiff alleges that Defendants violated his due process rights by conspiring to "produce false records and simulate legal process; deterred Plaintiff by way of intimidation and threat from testifying on his own behalf"; and "seized Plaintiff's property, to wit, $2500.00 in Guardian ad Litem fees."  *Id*. ¶ 81.  In his Prayer for Relief on Count III, Plaintiff seeks compensatory and punitive damages against Betz, and asks again that the Court enjoin Judge Schroeder as described in Count II.  *Id*. ¶ 84.

In Count IV, Plaintiff alleges that Dr. Castro, while serving as a court-appointed psychologist, refused to perform his court-ordered duties, refused to discuss the children's care with Plaintiff, and refused to provide testimony and medical records, and that his actions deprived Plaintiff of his constitutionally protected federal rights in violation of § 1983.  *Id*. ¶ 86.  Plaintiff seeks compensatory damages from Castro.  *Id*. ¶ 88.

In Count V, Plaintiff alleges that Judge Lasater, Rosen, and Betz violated his due process rights by conspiring to "use a fraudulent psychological evaluation to label Plaintiff's accurate, prescient, and professional public commentary on national security issues as evidence of mental illness, thus violating Plaintiff's exercise of his right to freedom of speech," and that they did so "as a pretext for stripping him of his parental rights."  *Id*. ¶ 90.  In his Prayer for Relief on Count V, Plaintiff seeks compensatory and punitive damages against Rosen and Betz and asks the

2

Court to enjoin Judge Lasater "from stripping parental rights from citizens on the basis of their exercise of their Constitutionally-protected right to freedom of speech." *Id*. ¶ 94.

In another count also labeled as Count V, brought against Judge Lasater and Betz, Plaintiff alleges that Betz, in his role as guardian ad litem, recommended to Judge Lasater that Plaintiff's parental rights should be terminated, and that Betz's recommendation was motivated "by prejudice against Plaintiff's religious beliefs or lack thereof." *Id*. ¶ 96. In his Prayer for Relief for this count, Plaintiff seeks compensatory damages from Betz and asks the Court again to enjoin Judge Lasater as described in the first Count V. *Id*. ¶ 99.

In Count VI against Gilmer, Plaintiff alleges that Gilmer violated his due process rights by "systematically fail[ing] to maintain and manage a system of court records permitting litigants their rights to have their cases adjudicated on the merits" or to "have their cases reviewed by a higher court." *Id*. ¶ 101. He further alleges that Gilmer allowed parties "to alter official records." *Id*. In his Prayer for Relief, Plaintiff seeks compensatory damages. *Id*. ¶ 102.

Defendant Rosen moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that this Court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine.[2] Doc. [12]. Rosen also argues that Plaintiff has failed to state a claim for relief because he alleges no facts showing that Rosen acted under color of state law and because Rosen is entitled to quasi-judicial immunity for actions taken as a court-appointed psychologist. Doc. [13] at 5-6. Defendant Castro likewise argues that he is entitled to quasi-judicial immunity as a court-appointed psychologist and that the *Rooker-Feldman* doctrine bars this Court from hearing Plaintiff's claims. Doc. [15]. Judges Schroeder and Lassiter jointly assert that they are immune from suit and that Plaintiff's claims are barred by both *Rooker-Feldman* and the *Younger* abstention doctrine.[3] Doc. [18].

---

[2] The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). The doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment. *See Kvalvog v. Park Christian School, Inc*., 66 F.4th 1147, 1152 (8th Cir. 2023).

[3] *Younger* advises federal courts to abstain from exercising jurisdiction when there is an ongoing state proceeding that implicates important state interests and that proceeding affords an adequate opportunity to raise any relevant federal questions. *See Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).

Defendant Betz moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that this Court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine, that he is entitled to absolute immunity and quasi-judicial immunity for his actions as an appointed guardian ad litem for Plaintiff's children during the state court proceedings, and that Plaintiff has failed to show that Betz acted under color of state law for purposes of § 1983.  Doc. [20].  Defendant Gilmer's motion asserts that she is entitled to quasi-judicial immunity for actions taken as Clerk of Circuit Court of St. Louis County, that Plaintiff alleges no actions taken by her personally and § 1983 does not recognize respondeat superior liability, and that the Court lacks jurisdiction under the domestic relations exception.  Doc. [25].  And finally, Defendant Stemmler argues that Plaintiff has failed to state a claim against him and that he is entitled to qualified immunity.  Doc. [31].

The Court agrees that Plaintiff's suit, though cloaked as a civil rights action, is in fact an effort to subvert an adverse ruling in a child custody proceeding.  As such, it falls within the domestic relations exception to federal jurisdiction and will be dismissed.[4]

## LEGAL STANDARD

To justify dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness" of its assertions.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  In a factual challenge, the defendant challenges the veracity of the assertions, and the Court may consider matters outside the pleadings.  *Osborn*, 918 F.2d at 729.  In a facial challenge, a defendant claims the complaint "fails to allege an element necessary for subject matter jurisdiction," and the Court presumes true "all of the factual allegations concerning jurisdiction."  *Titus*, 4 F.3d at 593.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party.  *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation.  *Bell Atlantic Corp. v. Twombly*, 550

---

[4] Because the Court dismisses the action pursuant to the domestic relations exception, the Court need not consider the multiple other theories put forth by Defendants in support of their motions to dismiss.

U.S. 544, 555 (2007).  Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.  *See Twombly*, 550 U.S. at 556.

## DISCUSSION

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have disclaimed jurisdiction over cases involving domestic relations.  *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013); *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994); *see also Frawley v. Schutt*, 2021 WL 5415326, at *6 (E.D. Mo. Feb. 19, 2021) ("Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction.").  In *Khan*, the Eighth Circuit recognized that "[t]he domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."  21 F.3d at 861.  Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction."  *Id*.

Here, although Plaintiff drafted his Complaint to allege federal civil rights violations, his claims are "inextricably intertwined" with state court determinations of custody and visitation rights concerning his minor children.  *Id*. (Plaintiff's claims, "although drafted to sound in tort, are so inextricably intertwined with those issues subject to the parties' previously adjudicated dissolution proceeding" in state court, that "we hold that the domestic relations exception . . . applies.").  Packaging his concerns as civil rights violations does not change the fact that Plaintiff is asking this Court to hold that the outcome of the state court proceeding was an illegal deprivation of his parental rights.  *See, e.g.*, Doc. [1] ¶ 72 (". . . leading to the violation of Plaintiff's right to parent his children . . . ."); ¶ 76 (". . . in which he gave up his decretal parenting rights without due process . . . .").  "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law," and federal "[c]ourts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Frawley*, 2021 WL 5415326 at *6 (quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D.

Idaho Nov. 13, 2020)). Because Plaintiffs' claims are "inextricably intertwined" with the underlying state family law action, the Court will abstain from exercising jurisdiction over his claims. *See Kahn*, 21 F.3d at 860 n.1 ("Courts generally use abstention in the context of a dispute relating to domestic relations when the controversy does not fall within the exact purview of divorce, alimony, or child custody but instead is closely related.").

Additionally, to the extent Plaintiff's claims could be construed as asking this Court to determine that certain state court decisions relating to custody or visitation rights were incorrect, this Court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). With the exception of habeas cases, "review of state court decisions may be had only in the Supreme Court." *Id*.

Finally, the Court notes that Plaintiff has twice sought leave to amend his Complaint. *See* Docs. [36], [56]. In his first motion to amend, Plaintiff proposes to delete requests for injunctive relief, and "clarify[y]" that actions allegedly taken by Defendants were "not taken during any legal proceeding, but during impermissible *ex parte* communications." Doc. [36] at 1. Plaintiff also wants to add allegations that certain falsified documents bore Defendant Gilmer's stamp, and that Defendants Betz, Rosen, and Castro did not submit their prepared reports to the parties prior to trial. *Id*. at 2. In his second motion to amend, Plaintiff seeks to add his ex-wife and her attorneys as defendants. Doc. [56-1]. Plaintiff also alleges that Defendants have conspired against him for many years, and so proposes to add new conspiracy-related claims under various statutes and legal theories, including the Racketeer Influenced and Corrupt Organizations Act. *See* Doc. [56] at 1-2. The Court has considered whether Plaintiff's proposed amendments would alter the application of the domestic relations exception, and they would not. Because the proposed amendments would be futile, Plaintiff's motions to amend are denied. *See Schriener v. Quicken Loans, Inc.*, 2013 WL 147842, at *1 (E.D. Mo. Jan 14, 2013) (citing *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund,* 800 F.2d 742, 749 (8th Cir. 1986)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Plaintiff's Complaint, Docs. [12], [15], [18], [20], [25], and [31] are **GRANTED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Amend, Docs. [36], [56], are **DENIED**.

**IT IS FINALLY ORDERED** that all other outstanding motions, Docs. [28], [35], [46], and [51] are **DENIED** as moot.

A separate Order of Dismissal will be entered on this same date.

Dated this 21st day of March, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE